IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JING GAO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 3:16-cv-00323 |
| | § | |
| BLUE RIDGE LANDFILL TX, LP, | § | |
| | § | |
| Defendant. | § | |
| | § | |

_____

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d)**

---

Plaintiffs and Defendant, by and through their undersigned attorneys, hereby jointly move the Court for an order of protection under Rule 502(d) of the Federal Rules of Evidence. In support thereof, the parties state as follows:

1. Pursuant to Rule 502(d), the parties seek entry of an order providing that the attorney-client privilege and work-product protection is not waived by disclosure of information in documents that are subject to an objection on the basis of the attorney-client privilege and/or work-product protection.

2. Rule 502(d) provides: "(d) Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding."

3. While the parties have filed a separate joint motion for entry of a Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c), the parties also seek this limited protective order pursuant to Rule 502(d) because Federal Rule of Evidence 502(e) provides that a "clawback agreement" reached by the parties under Rule 502(d) is not effective in other actions unless it is incorporated into a court order.  *See* Fed. R. Evid. 502(e) ("An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.").

4. Attached as Exhibit A hereto is a copy of the proposed Rule 502(d) Order which the parties jointly request the Court enter in this action.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court grant this Motion and enter a protective order pursuant to Federal Rule of Evidence 502(d) providing that the attorney-client privilege and work-product protection is not waived by disclosure of information in documents that are otherwise subject to an objection on the basis of attorney-privilege or work-product protection.

Dated:  June 12, 2017

BY: */s/ Brenton J. Allison*
    Brenton J. Allison
    Texas Bar No. 24040417
    Douglas T. Gilman
    Texas Bar No. 24048496
    Gilman & Allison
    2005 Cullen Boulevard
    Pearland, Texas 77581
    Tel: 713.224.6622
    Fax: 866.543.3643
    ballison@gilmanallison.com

    Nicholas A. Coulson
    Michigan Bar No. MI-P78001
    David R. Dubin
    Michigan Bar No. MI-P52521
    *Admitted pro hac vice*
    LIDDLE & DUBIN PC
    975 E. Jefferson Avenue
    Detroit, Michigan 48207-3101
    Tel: 313.392.0015
    Fax: 313.392.0025
    ncoulson@ldclassaction.com
    ddubin@ldclassaction.com

    ATTORNEYS FOR PLAINTIFFS
    AND THE PUTATIVE CLASS

*/s/ Troy Ford*
David W. Jones
Texas Bar No. 00790980
Troy Ford
Texas Bar No. 24032181
Owen J. McGovern
Texas Bar No. 24092804
Beck Redden LLP
1221 McKinney Street
Houston, Texas 77010
Tel: 713.951.6222   Fax: 713.951.3720
tford@beckredden.com
djones@beckredden.com
omcgovern@beckredden.com

*/s/ Robert G. Rooney*
William G. Beck, MO Bar No. 26849
Allyson E. Cunningham, MO Bar No. 64802
*Admitted Pro Hac Vice*
Robert G. Rooney, MO Bar No. 43381
U.S.D.C. S.D. Texas ID No. 3026872
Lathrop & Gage LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Tel: 816.292.2000   Fax: 816.292.2001
wbeck@lathropgage.com
rrooney@lathropgage.com
acunningham@lathropgage.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of June, 2017 a true and accurate copy of the foregoing pleading was served via the U.S. District Court ECM/ECF system.

    */s/ Robert G. Rooney*
    Robert G. Rooney
    Attorney for Defendant