### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JING GAO, et al. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 3:16-cv-00323 |
| | ) |
| BLUE RIDGE LANDFILL TX, LP | ) |
| | ) |
| Defendant. | ) |

## BLUE RIDGE LANDFILL TX, LP'S MOTION FOR LEAVE
## TO DESIGNATE RESPONSIBLE THIRD PARTIES

Defendant Blue Ridge Landfill TX, LP ("BRL") hereby files this Motion for Leave to Designate Responsible Third Parties and, in support thereof, would respectfully show as follows:

### INTRODUCTION

This lawsuit arises out of an alleged noxious odor allegedly detected by the residents living within a three-mile radius. Although Plaintiffs name only a single Defendant, and claim that the odor is emanating from Defendant Blue Ridge Landfill TX, LP ("BRL")—a landfill operating in the vicinity of their municipalities—their petition ignores numerous alternative odor sources in the area and attempts to place the blame entirely on Defendant BRL. Because the complained-of odors are the result of actions by these alternative odor sources, and thereby contribute to the harm allegedly suffered by Plaintiffs, those sources

are responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code.

## FACTUAL BACKGROUND

Beginning in August of 2015, the TCEQ Houston Region Office began receiving odor related complaints from citizens in and around the Pearland, Texas municipality. The odors have been described as "garbage," "chemical," and "sewage."[1] According to Andrew Keese of the TCEQ, investigations were initiated into a number of potential odor sources—including nearby chemical manufacturing plants and the City of Pearland's wastewater treatment facility ("Reflection Bay")—stating that identifying a single source is complicated by the wide range and variety of reported odors, which suggest multiple sources.[2] Despite this, BRL is the only potential odor source listed in this suit.

The following entities are located in near-proximity to Plaintiffs' residences, and have been identified as potential sources of the "chemical" and "sewage" odors complained of by Plaintiffs:

- Reflection Bay Waste Water Treatment Plant
- Lone Star Disposal
- Syntech Chemicals
- Nalco (formerly Champion Technologies, Inc.)

---

[1] *See* Pearland Odor Complaint Fact Sheet (available at https://www.tceq.texas.gov/assets/public/complaints/pearland_odor_fact_sheet/fact-sheet-pearland-odor-complaints.pdf) (updated June 1, 2017).

[2] *See* http://swamplot.com/help-tceq-solve-the-stench-mystery-in-shadow-creek-ranch-next-to-the-blue-ridge-landfill/2016-03-23/.

Complaints submitted to the TCEQ have frequently referred to a "sewage" smell. The local wastewater treatment plant for the City of Pearland, Reflection Bay, is located just outside the Shadow Creek Ranch subdivision and processes sewage and other wastewaters for the City of Pearland. The Reflection Bay facility has faced a multitude of operational difficulties, as demonstrated in the attached Exhibit 1. As seen in Exhibit 1, the Reflection Bay facility has submitted 40 notices of noncompliance with the TCEQ since 2015. The majority of these violations stem from the City of Pearland's failure to expand the Reflection Bay treatment facility, resulting in a sewage treatment plant which is consistently over-capacity. When the facility receives more waste than it has capacity for, the resulting impact is sewage odors within the City of Pearland neighborhoods. The City of Pearland is now under an Agreed Order with TCEQ to expand the facility and address the capacity issues. That Agreed Order, executed May 29, 2015, is attached as Exhibit 2 and requires the expansion of the Reflection Bay facility be completed by May 2018.

In addition to the above odors from the Reflection Bay facility, complaints to the TCEQ have cited "rotten egg(s)" and odors with "sulfurous character." Lone Star Disposal/Recycling is a construction and demolition debris disposal site located at 4107 S. Sam Houston Parkway, Houston, Texas. It is located within two miles of the Blue Ridge facility and well within the three-mile radius of the alleged class. They accept large quantities of items such as sheet rock, which can emit odorous hydrogen sulfide gas when the sheet rock becomes damp. This sort of odorous gas emission could easily be mistaken as landfill gas emitting from the Blue Ridge facility but would have a rotten egg or sulfurous characteristic, as noted by complainants.

Syntech Chemicals, Inc., located at 14822 Hooper Road, in Houston, Texas is a small chemical manufacturing facility that currently produces fuel additive. On May 4, 2016 TCEQ investigators visited the Syntech facility. Here investigators detected a "fishy/chemical/amine" odor and confirmed that it was originating from the Syntech facility. Complaints of "rot," "chemical," and "seafood" were also received by the TCEQ and are consistent with the "fishy/chemical/amine" odors TCEQ detected at the site.

Nalco, formerly Champion Technologies, Inc., is located at 3130 FM 521, Fresno, Texas. It is located within three-quarters of a mile of the Blue Ridge Landfill property. Nalco is a chemical manufacturing company that received a Notice of Enforcement, resulting in an Agreed Order requiring payment of over $1 million in penalties. The Agreed Order, executed February 22, 2017, cites to issues with VOC emissions from the facility and requires substantial improvements to the facility in addition the monetary penalties. That Agreed Order is attached as Exhibit 3.

## **LAW & ANALYSIS**

A defendant "may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a). A "responsible third party" means:

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violate an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE § 33.011(6).  The Southern District of Texas routinely utilizes the Responsible Third Party ("RTP") Statute in federal litigation.[3]  Moreover, the Southern District and Fifth Circuit also allow the RTP statute to be used against parties—such as states or municipalities—who may be immune or otherwise outside of the court's jurisdiction.[4]

Importantly, "[a] defendant may liberally designate responsible third parties" for the very simple reason that "the designation of a person as a responsible third party or a finding of fault against that person 'does not by itself impose liability on the person' and 'may not be used in any other proceeding . . . to impose liability on the person.'" *Brewer*, 2016 WL 4159754, at *3.  Once the Court grants the motion for leave to designate responsible third parties, no further action is required.  TEX. CIV. PRAC. & REM. CODE § 33.004(h) ("By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.").  Following designation as a responsible third party, "[t]he trier of fact, as to each cause of action asserted, shall determine the

---

[3] *See, e.g.*, *Brewer v. Suzuki Motor of Am., Inc.*, 4:15-CV-00197, 2016 WL 4159754, at *2–3 (S.D. Tex. Aug. 3, 2016) (Harmon, J.) (allowing statute); *Rubi v. MTD Products, Inc.*, CV H-15-1831, 2017 WL 57870 (S.D. Tex. Jan. 4, 2017) (Lake, J., adopting magistrate's opinion); *Vaughn v. Chevron USA Inc.*, Civil Action No. H-12-0404, 2013 WL 2152104, at *1 (S.D. Tex. May 16, 2013) (Atlas, J.); *Arvie v. Dodeka, LLC*, Civil Action No. H-09-1076, 2011 WL 1750242, at *3 (S.D. Tex. May 4, 2011) (Rosenthal, J.); *Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, 4:15-CV-868, 2017 WL 2156358, at *1 (S.D. Tex. May 17, 2017) (Ellison, J.).

[4] *See, e.g.*, *Fisher v. Halliburton*, 667 F.3d 602, 621–22 (5th Cir. 2012) (quoting *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (parties "'who are not subject to the court's jurisdiction or who are immune from liability to the claimant' can be designated responsible third parties under the statute."); *Brewer*, 2016 WL 415974 at *2 (quoting same).

percentage of responsibility" of the responsible third party for "causing or contributing to cause in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.003. Thus, the designated third party shall be included on the jury charge for purposes of allocating responsibility.

As the TCEQ has noted, the variety of odors complained of by Plaintiffs and their neighbors indicate that (1) there are likely multiple odor sources and (2) it is difficult to attribute any harm suffered by Plaintiffs to any individual source. TCEQ investigators themselves have been able to identify odors attributable to the Syntech Chemical Corporation during investigations of the Blue Ridge Landfill. In addition to these recent findings, TCEQ has also issued Agreed Orders, based on Notices of Enforcement, to the Reflection Bay wastewater treatment facility and Nalco (formerly Champion Chemical).

Moreover, during their recent depositions, members of Plaintiffs' potential class have complained of a variety of different odors matching those emanating from the responsible third parties. For example, Kathryn Pierce described the smell as "really rotten eggs," an odor consistent with the hydrogen sulfide gas emitted from Lone Star's facility when sheet rock becomes damp. Ex. 4 at 19:20. This "rotten egg" odor was also identified in the depositions of Barry Nixon, Ex. 5 at 20:10-13, Alvin Rabsatt, Ex. 6 at 24:25-25:19, and Iolanda Ryan-Lowe, Ex. 7 at 20:18-20.

In addition to "rotten egg," Ms. Pierce further described the odor as similar to a "dirty diaper" and "rotten fish," Ex. 4 at 19:22-23, 20:18, descriptions consistent with the "sewage" odors that formed the basis for TCEQ's action against Reflection Bay and the "fishy" odors TCEQ detected at Syntech. The smell of sewage was also identified in the

deposition of Ms. Ryan-Lowe, Ex. 7 at 20:22-24, while the "rotten fish" odor was also identified by Mr. Nixon, Ex. 5 at 20:18-19.  As such, liability for the entirety of Plaintiffs' harm—if any—cannot be placed solely at the feet of BRL.  Therefore, the above-mentioned alternative odor sources should be designated as responsible third parties pursuant to § 33.004 of the Texas Civil Practice and Remedies Code.

BRL files this motion more than sixty days before the date of trial, as required by § 33.004(a) of the Texas Civil Practice and Remedies Code.  Consequently, the Court should grant BRL's motion to designate Nalco, Lone Star, and Syntech as responsible third parties.  TEX. CIV. PRAC. & REM. CODE § 33.004(f).

## **CONCLUSION**

Defendant moves the Court to grant them leave to designate Nalco Champion Chemical Company, Reflection Bay Waste Water Treatment Plant, Syntech Chemicals, and Lone Star Disposal as responsible third parties, and for such other and further relief, at law and equity, to which it is justly entitled.

7

Respectfully submitted,

**BECK | REDDEN LLP**

By: */s/ Troy Ford*
Troy Ford
Texas Bar No. 00790980
Owen J. McGovern
Texas Bar No. 24092804
Beck Redden LLP
1221 McKinney Street
Houston, Texas 77010
Tel: 713.951.6222   Fax: 713.951.3720
tford@beckredden.com
omcgovern@beckredden.com

Karson K. Thompson
State Bar No. 24083966
515 Congress Avenue, Suite 1900
Austin, Texas 78701
Tel: 512.708.1000   Fax: 512.708.1002
kthompson@beckredden.com

William G. Beck
MO Bar No. 26849
Robert G. Rooney
MO Bar No. 43381
Allyson E. Cunningham
MO Bar No. 64802
Admitted Pro Hac Vice
Lathrop & Gage LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO  64108-2618
Tel: 816.292.2000   Fax: 816.292.2001
wbeck@lathropgage.com
rrooney@lathropgage.com
acunningham@lathropgage.com

ATTORNEYS FOR DEFENDANT

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on all counsel of record on this 24th day of October, 2017, by electronic service through email service:

Brenton J. Allison
Texas Bar No. 24040417
Douglas T. Gilman
Texas Bar No. 24048496
Gilman & Allison
2005 Cullen Boulevard
Pearland, Texas 77581
Telephone: (713) 224-6622
Telecopier: (866) 543-3643
ballison@gilmanallison.com
dgilman@gilmanallison.com

David R. Dubin
Nicholas A. Coulson
*Admitted Pro Hac Vice*
LIDDLE & DUBIN PC
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
Tel: (313) 392-0015/Fax: (313) 392-0025
ddubin@ldclassaction.com
ncoulson@ldclassaction.com

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS

/s/ *Owen J. McGovern*
Owen J. McGovern