IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JING GAO, ALVIN RABSATT, BARRY NIXON, PATRICIA NIXON, KATHERINE PIERCE, ARTHUR PIERCE, MADISON LOWE, and IOLANDA LOWE, on behalf of themselves and all others similarly situated, | § § § § § § § | CIVIL ACTION NO. 3:16-cv-00323 [JURY] |
| VS. | § | |
| BLUE RIDGE LANDFILL TX, LP | | |

**PLAINTIFFS' OBJECTION TO DEFENDANT BLUE RIDGE LANDFILL TX, LP'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Plaintiffs Jing Gao, Alvin Rabsatt, Barry Nixon, Patricia Nixon, Katherine Pierce, Madison Lowe, and Iolanda Lowe hereby file this objection to Defendant Blue Ridge Landfill TX, LP,'s Motion for Leave to Designate Responsible Third Parties and, in support thereof, would respectfully show as follows:

**I.**

**INTRODUCTION**

According to Defendant Blue Ridge Landfill TX, LP ("BRL"), "[Plaintiffs'] petition ignores numerous alternative odor sources in the area[.]" (Doc. Entry # 35, at pg. 1). Defendant's assertion that the odors that plague this Pearland, Texas community arise in any large part from any facility but its own is as desperate as it is baseless. As the Texas Commission on Environmental Quality ("TCEQ") has established, Defendant is the notorious and overwhelming cause of nuisance odors in the vicinity of Plaintiffs' homes and surrounding community. Instead

of taking any responsibility for its duties to its neighbors, Defendant now seeks to point the finger at everything but the neighbor's cat. This Court should not indulge in Defendant's naked effort to spread blame.

## II.

## FACTUAL BACKGROUND

BRL is located in Fresno, Texas, close to the border with neighboring Pearland. While the landfill has a lengthy history of emitting odors offsite, in recent years the problem has spiraled out of control. In 2015, area odor complaints began to skyrocket. Between September 23 and November 10 of that year, the TCEQ received at least 58 odor complaints.[1] As of September 1, 2017, that number had reached an astonishing 3,277 complaints. (Exhibit 1, TCEQ Pearland Odor Complaints Fact sheet, at pg. 1).

Initially, TCEQ was unable to determine the source of the odors, and there was speculation whether BRL and/or other area businesses may be the cause. Defendant now attempts to seize on that initial uncertainty, but as the problem worsened substantially through 2016, TCEQ definitively identified BRL as the true and only culprit.

As odor complaints continued to pile up, TCEQ increased its investigatory activity. Specifically, on October 21, 2016, TCEQ issued the first of two Notices of Enforcement to BRL for failure to prevent nuisance conditions. *Id.* The notice identified BRL as the source of "highly offensive landfill gas/honeysuckle odors" based on investigations conducted on seven separate days. (Exhibit 2, Executive Enforcement Matter Summary, at pg. 2). On four of those days, the odors were so severe as to cause TCEQ staff to endure and experience nausea. *Id.* The Agreed

---

[1] Community Impact Newspaper: "TCEQ, city of Pearland Seek Source of Shadow Creek Ranch Odor," March 16, 2016  https://communityimpact.com/houston/pearland-friendswood/city-county/2016/03/16/tceq-city-pearland-seek-source-shadow-creek-ranch-odor/

Orders regarding other facilities referenced by Defendant are starkly different. Despite Defendant's best attempts to create equivalence, those Agreed Orders do not relate to nuisance odors. (See Doc. Entry # 35-2]; Doc. Entry # 35-3). There is, therefore, no nexus between the conduct at issue in the orders and the harms alleged by Plaintiffs.

Importantly, TCEQ's observations are independently supported by air samples taken in the Shadow Creek Ranch subdivision in Pearland, Texas, which revealed concentrations of Hydrogen sulfide downwind from BRL in excess of regulatory thresholds. (Exhibit 3, Air Monitoring Project Report). Indeed, Hydrogen sulfide was "consistently measured" downwind of BRL, while targeted odorous compounds were not detected in the vicinity of Nalco Champion Chemical Company or the Reflection Bay Waste Water Treatment Plant. Moreover, TCEQ's study found, independently of its inspectors' field observations, that the Hydrogen sulfide concentrations "could contribute to perceptible odors" which are "consistent with citizen complaints." *Id.*, at pg. 10.

After tracking the odors to BRL, TCEQ inspected the landfill and conducted Surface Emissions Monitoring ("SEM"). Like other similar landfills nationwide, BRL is required to conduct its own regular SEM to ensure that excess gasses are not escaping from the surface of the landfill. This allows landfills to make any necessary modifications or repairs to ensure that their emissions are controlled. TCEQ's monitoring investigation revealed both that landfill gas was escaping from the landfill at an alarming rate and that BRL had failed to properly conduct its own monitoring. While BRL had reported no exceedances of the 500 ppm methane threshold in the previous six quarters, TCEQ detected 136 such exceedances in a single monitoring event. (Exhibit 4, January 3, 2017 Notice of Enforcement). BRL lacked required documentation to establish that the equipment used for its monitoring was properly calibrated *or that it had*

*actually performed any proper monitoring at all*. *Id.* As a result, BRL was issued another violation by TCEQ for failure to properly perform its SEM for the quarterly periods from January 1, 2015 through June 30, 2016. *Id*. TCEQ also issued a Notice of Violation letter on March 30, 2017, alleging BRL "failed to document repairs to the landfill cover" and "failed to record leachate levels in the sumps[.]"(Ex. 1). Video clips recorded during TCEQ inspections have shown "gas and liquid bubbling up from holes and fissures on the landfill cover[,]" evidence that landfill gas and/or leachate are escaping through the cover instead of being properly captured and destroyed.[2]

There is another salient difference in the record as between Defendant, the actual cause of the odors, and the facilities it now attempts to blame. The City of Pearland has been particularly active in responding to Defendant's odor problem, despite the fact that the landfill is located outside its boundaries. On February 8, 2017, more than 100 Pearland residents attended a town hall meeting, clearly evidencing the degree of outrage caused by Defendant's conduct.[3] On March 21, 2107, the Pearland City Council voted unanimously to request that TCEQ suspend BRL's permit.[4] After it deemed the AO insufficient, the City of Pearland and the State of Texas filed their own lawsuit against Defendant on July 7, 2017 for violations of the Texas Clean Air Act, specifically alleging the discharge of air contaminants which have interfered with Pearland residents' "normal use and enjoyment of their property." (Ex. 5). Telling, no such process has

---

[2] Houston Chronicle, "Pearland Mayor issues new call to action over Blue Ridge landfill odor," May 11, 2017 http://www.chron.com/neighborhood/pearland/news/article/Pearland-mayor-issues-new-call-to-action-over-11138978.php

[3] Houston Chronicle, "West Pearland residents frustrated about timeline to stop 'putrid garbage stink'" February 10, 2017 http://www.chron.com/neighborhood/pearland/news/article/West-Pearland-residents-frustrated-about-timeline-10923824.php

[4] Houston Chronicle, "Pearland wants state to suspend landfill that is source of 'Pearland Odor,'" March 28, 2017 http://www.chron.com/neighborhood/pearland/article/Pearland-wants-state-to-suspend-landfill-that-is-11018023.php

been instituted with respect to any of the other facilities Defendant moves to designate as responsible third parties.

## III.

## LAW & ANALYSIS

In its Motion, Defendant moves to designate Nalco Champion Chemical Company, Reflection Bay Waste Water Treatment Plant, Syntech Chemicals, and Lone Star Disposal as responsible third parties. (Doc. Entry #35). It is well established that the law requires that a "responsible third party" have "caused or contributed to causing in any way the harm for which recovery of damages is sought" by "negligent act or omission," "any defective or unreasonably dangerous product," "other conduct or activity that violate[s] an applicable legal standard" or some combination of these. TEX. CIV. PRAC. & REM. CODE § 33.011(6). But any allegation or evidence that any of these circumstances apply is conspicuously missing from Defendant's motion. The fact that someone, somewhere, may have described an odor that Defendant claims is connected to one of the other entities is not enough. There must be negligence, a defective or dangerous product, or conduct or activity in violation of an applicable legal standard. And there must be a nexus to the harm alleged by Plaintiffs. Defendant's motion fails to so much as allege either.

    **A. THERE IS NO ALLEGATION OR EVIDENCE THAT ANY OF THE PARTIES DEFENDANT IDENTIFIES AS RESPONSIBLE THIRD PARTIES HAVE VIOLATED ANY APPLICABLE LEGAL STANDARD IN A WAY THAT CAUSED THE HARM THAT PLAINTIFFS ALLEGE.**

In its Motion, Defendant points to Notices of Enforcement and/or Agreed Orders that the City of Pearland (for its wastewater treatment plant) and Nalco have entered into with TCEQ, as evidence of some generic wrongdoing. (Doc. Entry # 35, at pp. 6-7). This is a curious strategy, since Defendant will undoubtedly later take the position that its own administrative record

(including TCEQ violations) is not evidence of wrongdoing. But more importantly, whereas TCEQ specifically cited Defendant for "fail[ure] to prevent nuisance odor conditions" as observed on several occasions, no such violation is noted with respect to Nalco or the wastewater treatment plant. (Ex. 2). In fact, there is no mention of offsite or nuisance odors whatsoever in the "potentially responsible" entities' Agreed Order. Despite extensive regulatory findings in each of the three Agreed Orders, the only one that in any way implicates the harm alleged by Plaintiffs is Defendant's.

Far from providing any basis for concluding that another party has violated a legal standard in a way that caused Plaintiffs' complained-of damages, Defendant has simply helped Plaintiffs to make their case. None of the extensive regulatory investigations into any of the facilities Defendant seeks to name as responsible third parties have resulted in a violation for causing offsite nuisance odors, except with respect to Defendant. Defendant's extensively documented history of creating an odor nuisance therefore stands alone, and there is absolutely no basis for concluding that any other party has caused Plaintiffs harm through a violation of an applicable legal standard.

**B. THERE IS NO ALLEGATION OR EVIDENCE THAT ANY OF THE PARTIES DEFENDANT IDENTIFIES AS RESPONSIBLE THIRD PARTIES HAVE BEEN NEGLIGENT IN A WAY THAT CAUSED THE HARM THAT PLAINTIFFS ALLEGE.**

Defendant has not alleged that any of the identified parties to be designated as responsible third parties have engaged in any negligent conduct whatsoever, let alone negligent conduct that has "caused the harm for which recovery of damages is sought[.]" *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6). To the extent that any of the conduct implicated by reference to the Administrative Orders might be deemed negligent, Plaintiffs again refer to the clear administrative record. It is Defendant, and Defendant alone, whose regulatory failings relate to

nuisance odors in the class area. Any assertion to the contrary is an utter red herring that can be quickly dispelled through an examination of the Administrative Orders.

### C. THERE IS NO ALLEGATION OR EVIDENCE THAT ANY OF THE PARTIES DEFENDANT IDENTIFIES AS RESPONSIBLE THIRD PARTIES HAVE CREATED ANY DANGEROUS PRODUCT IN A WAY THAT CAUSED THE HARM THAT PLAINTIFFS ALLEGE.

Finally, there has been no allegation relating to any "defective or unreasonably dangerous product[.]" See *Id.* No such product could have caused any of the harm for which Plaintiffs seek recovery. Here again, no basis exists for the designation of responsible parties.

### IV.

### CONCLUSION

As set forth above, Defendant has not alleged any of the conduct that could implicate a responsible third party, nor does it allege that any such conduct caused Plaintiffs' damages. To the contrary, the overwhelming evidence suggests that nuisance odors have been emitted into the class area by Defendant alone. Defendant's attempt to muddy the waters of this case is an act of desperation by a recalcitrant bad neighbor and should be denied, even under the lenient standard that applies to it.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby object to Defendant's Motion for Leave to Designate Responsible Third Parties, and pray that this Court deny said motion, and for all other and further relief, at law and in equity, to which they may be justly entitled. Plaintiffs file this objection as provided for by TEX. CIV. PRAC. & REM. CODE § 33.004(f).

**Dated: November 8, 2017**

Respectfully submitted,

GILMAN ✴ ALLISON LLP

*/s/ Brenton J. Allison*
Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
Telephone (713) 224-6622
Facsimile (866) 543-3643
ballison@gilmanallison.com

David R. Dubin*
Nicholas A. Coulson*
*Pro Hac Vice Motions to be Submitted*
**LIDDLE & DUBIN PC**
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
Tel: (313) 392-0015/Fax: (313) (313) 392-0025
ddubin@ldclassaction.com
ncoulson@ldclassaction.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS**

**OF COUNSEL:**

GILMAN ✴ ALLISON LLP

Liddle & Dubin, P.C.

8

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed this document on this **8th day of November, 2017**, and that a true and correct copy of the foregoing was served on all counsel of record via CM/ECF, facsimile (pursuant to written agreement of counsel), hand delivery, or certified mail – return receipt requested.

| | |
|---|---|
| David W. Jones<br>Troy Ford<br>Beck Redden LLP<br>1221 McKinney Street<br>Houston, Texas 77010 | *VIA CM/ECF* |
| William G. Beck<br>Robert G. Rooney<br>Lathrop & Gage LLP<br>2345 Grand Blvd., Suite 2200<br>Kansas City, Missouri 64108-2618 | *VIA CM/ECF* |

/s/ Brenton J. Allison
Brenton J. Allison