# EXHIBIT 5

Filed
09 January 21 P5:59
Jerry Deere
District Clerk
Brazoria District

CAUSE NO. _____

| | | |
|---|---|---|
| JEFF FRANK. NADALO, <br> DANA NICOLE NADALO, <br> CAIDEN RAY NADALO, a minor child, and MOLLY MARIE NADALO, a minor child, <br> **Plaintiffs** <br><br> vs. <br><br> **ALLIED WASTE LANDFILL HOLDINGS, INC.,** and **BLUE RIDGE LANDFILL TX, LP,** <br> **Defendants** | § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br><br><br> BRAZORIA COUNTY, TX <br><br><br> _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Jeff Frank Nadalo and Dana Nicole Nadalo, Caiden Ray Nadalo, And Molly Marie Nadalo, Plaintiffs in the above-styled-and-numbered cause and file this Plaintiffs' Original Petition, and complain of Allied Waste Landfill Holdings, Inc., and Blue Ridge Landfill TX, LP:

### I.

### DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under a Level 2 Discovery Control Plan per Texas Rule of Civil Procedure 190.4.

### II.

### PARTIES

2. Jeff Frank Nadalo is a resident of Brazoria County, Texas.

Page 1

**PLAINTIFFS' ORIGINAL PETITION.**

3. Dana Nicole Nadalo is a resident of Brazoria County, Texas.

4. Caiden Ray Nadalo is a minor child and is resident of Brazoria County, Texas.

5. Molly Marie Nadalo is a minor child and is resident of Brazoria County, Texas.

6. Allied Waste Landfill Holdings, Inc. ("Allied") is a Delaware corporation doing business in the State of Texas. Allied may be served with process by serving its registered agent for service of process, CT Corporation, whose address is 350 N. ST. PAUL STREET, Dallas, TX 75201 USA.

7. Blue Ridge Landfill TX, LP ("Blue Ridge") is a Delaware limited partnership, whose general partner is Allied Waste Landfill Holdings, Inc., and who is doing business in the State of Texas. Blue Ridge may be served with process by serving its registered agent for service of process, CT Corporation, whose address is 350 N. ST. PAUL STREET, Dallas, TX 75201 USA.

### III.

### JURISDICTION AND VENUE

8. This action is based on the common law of the State of Texas and the statutes enacted by the Texas legislature. Subject matter jurisdiction is vested in this Court because Plaintiffs' causes of action involve various claims with regard to real property located in Brazoria County, Texas. Subject matter jurisdiction is also vested in this Court because the amount in controversy exceeds the minimum jurisdictional requirements of this Court. TEX. CONST., art. V, § 8; TEX. GOV'T CODE, §§ 24.007, 24.008. This Court has personal jurisdiction over the Defendants pursuant to Texas Civil Practice and Remedies Code, Section 17.042.

9.  Venue is mandatory in Brazoria County, Texas pursuant to Texas Civil Practice and Remedies Code Sections 15.011 and 15.001, because this an action involving a recovery of damages to real property.

## IV.

## FACTS

10. My wife, Dana Nadalo and I, Jeff Nadalo, are homeowners living in Shadow Creek Ranch at 12401 Coral Cove Court, Pearland, TX 77584 ("Our Home" or the "Property"). We share Our Home with our two infant children, Molly Nadalo and Cadien Nadalo. Dana and I have lived in the community for two-and-a-half years. Shadow Creek Ranch is a 3,500-acre lake themed master planned community south of Houston in Pearland, Texas offering homes from $150,000 to over $1 million. Shadow Creek Ranch had been the number one selling master-planned community in the Houston-Pearland Metroplex.

11. Beginning in January of 2008, my wife and I started to notice an unusual odor in the late evenings and early morning hours at Our House. Over the course of the year the odor, which is strongest in colder weather, developed into a foul rotten trashy stench. Depending on weather conditions, the odor ranges from undetectable to unbearable. When the stench is at its worst, the odor permeates the air and infiltrates Our Home. My wife and two infant children have recently experienced upper-respiratory and eye irritations as a result of the noxious airborne trash particulates.

12. There is little doubt -- the odor is emanating from the refuse operations of Defendants Blue Ridge and Allied at 2200 FM 521 ("521 Landfill"). Unfortunately, we are not the only ones affected. Recent news articles have confirmed that the 521 Landfill

is causing great frustration for the citizens in and around the area, and has contributed to a reduction in property values for the surrounding communities. In fact, more than 160 complaints were filed with the Texas Commission on Environmental Quality ("TCEQ") in 2008 alone in regards to the odor from the 521 Landfill.

13. Defendants earn substantial sums of money by allowing refuse to be deposited at the 521 Landfill. Defendants have benefitted financially at the expense of the surrounding community. Despite the unprecedented number of complaints, Defendants have done nothing to contain the noxious smells and harmful particulates. Instead, Defendants have chosen to pursue a permit with the TCEQ to *quadruple* the size of the 521 Landfill. Were the permit to be granted and were the landfill to reach capacity, the 521 Landfill would be the tallest structure in all of Fort Bend County.

14. Defendants have pursued this permit notwithstanding extreme opposition from local residents and neighboring businesses. Allied and Blue Ridge's callous disregard for the local residents and commercial neighbors stands in stark opposition to Defendants' own published Code of Conduct and Ethics. The public outcry has been ignored. Perhaps Defendants will now listen.

## V.

## CAUSES OF ACTION

15. The preceding paragraphs set forth above are incorporated hereafter for all purposes.

**A.   Negligence.**

16. Defendants owe a duty to Plaintiffs to exercise reasonable care in properly maintaining and operating the 521 Landfill. Defendants were aware of complaints by

Page 4

**PLAINTIFFS' ORIGINAL PETITION.**

local residents that the Defendants' operations at the 521 Landfill were causing harm to the surrounding community.

17. Defendants breached the duty owed to Plaintiffs by improperly operating the 521 Landfill and ignoring the pleas of the surrounding community to find a solution to the noxious odors and irritants.

18. As a direct and proximate result of Defendants' conduct in failing to properly maintain and operate the 521 Landfill, all of which they had agreed to do in accordance with applicable Texas State and federal permits, Defendants foreseeably and proximately caused substantial harm to Plaintiffs' persons and real property.

**B.     Gross Negligence.**

19. Defendants were placed on notice and made aware of the high probability that their harmful and noxious airborne odors and particulates could cause upper respiratory harm to those living near the 521 Landfill. Since January of 2008, Defendants have knowingly and intentionally allowed their dangerous and toxic airborne particulates to leave their premises and enter the Property and the surrounding Shadow Creek Ranch community.

20. Defendants' conduct in completely failing to maintain and properly operate the 521 Landfill constitutes an extreme degree of risk, considering the probability and magnitude of the harm which could have and in fact, has occurred to others.

21. Defendants had actual awareness of the risk involved, but nevertheless chose to proceed with conscious indifference to the rights, safety, or welfare of others, including the Plaintiffs. Defendants' actions have caused substantial damages, as well as severe mental anguish and distress to Plaintiffs.

### C. Nuisance.

22. Plaintiffs Jeff Frank Nadalo and Dana Nicole Nadalo, are, and at all times mentioned and material to this action were, the owners in fee of certain real property located at 12401 Coral Cove Court, Pearland, TX 77584.

23. Commencing on or about January 1, 2008, Plaintiffs have knowingly allowed a harmful and toxic mixture of airborne particulates to unlawfully enter the Property.

24. The release and eventual presence of noxious smells and harmful eye and throat irritants from the 521 Landfill constitute a nuisance insofar as they have interfered with the Plaintiffs' use and enjoyment of their Property. Defendants' acts constitute a proximate cause of the interference with the use and enjoyment of Plaintiffs' Property and the injuries and damages made the basis of this action.

25. Defendants knew to a reasonable certainty, or in the exercise of ordinary care should have known that operating the 521 Landfill in an unsafe and imprudent manner would result in a substantial annoyance to Plaintiffs, as well as depreciation in the market value of Plaintiffs' Property as well as surrounding property due to the perception by potential homebuyers of future odor problems.

26. Plaintiffs therefore allege that the Defendants have voluntarily and intentionally interfered with the use and enjoyment of Plaintiffs' Property.

27. As a result of Defendants' inaction, Plaintiffs have been substantially annoyed and inconvenienced and have suffered severe discomfort and mental anguish.

### D. Trespass.

28. Defendants have trespassed onto Plaintiffs' Property by knowingly and intentionally allowing toxic and harmful irritants to enter Plaintiffs' Property.

29. As a result of Defendants' inaction, Plaintiffs have been substantially annoyed and inconvenienced and have suffered severe discomfort and mental anguish.

## VI.

## EXEMPLARY DAMAGES

30. The conduct of Defendants, as alleged in this petition, was grossly negligent, willful, and wonton, thereby making Defendants liable to the Plaintiffs for exemplary damages.

## VII.

## RELIEF SOUGHT

31. Plaintiffs seek the following relief:

- Actual damages including but not limited to, compensation for physical harm to persons and real property;
- Exemplary damages in an amount to be determined at trial;
- A permanent injunction prohibiting Defendants from expanding the 511 Landfill; and
- A permanent injunction prohibiting Defendants from accepting additional refuse at the 511 Landfill;

32. All conditions precedent necessary to the bringing of this suit have been met and satisfied.

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Court will rule in favor of Plaintiffs and that upon final trial and judgment that all costs and other relief, at law and in equity, be rendered in favor of Plaintiffs.

Respectfully submitted,

*Jeff Nadalo*

Jeff F. Nadalo
Texas State Bar No. 24041559

12401 Coral Cove Ct.
Pearland, Texas 77584
Telephone: (832) 725-0622
Fax: (713) 803-1427

ATTORNEY FOR PLAINTIFFS JEFF FRANK NADALO, DANA NICOLE NADALO, CAIDEN RAY NADALO, AND MOLLY MARIE NADALO

STATE OF TEXAS
COUNTY OF BRAZORIA
I certify that the foregoing is a true and correct copy of the original record on file in my office. Given under my hand and seal of the court at my office in Angleton, Texas.
RHONDA BARCHAK, DISTRICT CLERK
By Marci Reyes Deputy
08/06/2018

DISTRICT COURT ★ BRAZORIA COUNTY, TEXAS ★

