UNITED STATES DISTRICT COURT		SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
December 26, 2018
David J. Bradley, Clerk

| | | |
|---|---|---|
| Jing Gao, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | Civil Action G-16-323 |
| | § | |
| Blue Ridge Landfill TX, LP, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

   Blue Ridge Landfill TX, LP, began operating in 1992. Nine years later, Shadow Creek Ranch Subdivision began developing the property across the street from Blue Ridge and selling homes. Two of the house-owners living near the landfill have said that they noticed noxious odors as early as 2007. The plaintiffs filed this lawsuit in November 2016.

2. *Nuisance.*

   The odors from the landfill have been recurring since 2007, creating a permanent nuisance. Some of the plaintiffs have said that they noticed the odor in 2007, others shortly after they moved into their homes in 2012 and 2014.

   The plaintiffs argue that the landfill odors did not constitute a nuisance until late 2015 because it got much worse around that time. Doubling the size of the landfill does not necessarily create a nuisance. It does exacerbate the existing one. The nuisance existed far before this asserted exacerbation.

3. *Statute of Limitations.*

   The statute of limitations for a claim to recover for a permanent nuisance injury

is two years from the date the injury first occurs.[1] For this lawsuit to fall within the statute of limitations, the nuisance must have started no earlier than November 17, 2014. Because the plaintiffs themselves have said that the landfill's odor started as early as 2007 or that it existed when they moved to Shadow Creek, the plaintiffs' claims are untimely.

4. *Conclusion.*

The plaintiffs take nothing from Blue Ridge because their claims are barred by the statute of limitations.

Signed on December 26, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004).